UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  NOT FOR PUBLICATION
NOHA SHEHABELDIN,

        Plaintiff,    **MEMORANDUM AND ORDER**
-against-            11-CV-4919 (CBA)

WILSON, J. (Jury); 120 Schermerhorn Court,

        Defendants.
------------------------------------------------------------X
**AMON, Chief United States District Judge:**

On October 6, 2011, *pro se* plaintiff Noha Shehabeldin commenced this action pursuant to 42 U.S.C. § 1983 against Judge Wilson of the Criminal Court of the City of New York, Kings County, who presided over plaintiff's case on September 30, 2010, which resulted, *inter alia*, in a conviction of two counts of second degree harassment. Plaintiff seeks $100,000 in damages. The Court grants plaintiff's request for a waiver of the filing fee solely for the purpose of this order. The complaint is dismissed as set forth below.

## Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## Discussion

Plaintiff's complaint essentially alleges that Judge Wilson violated her civil rights by wrongfully convicted her of two counts of second degree harassment, and sentencing her accordingly, which caused her to lose her job and suffer financial difficulty and emotional stress.

"It is well-settled that judges generally have absolute immunity from suits or money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*)); see also Stump v. Sparkman, 435 U.S. 349, 356 (1978); Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2004). Acts related to individual cases before the judge are considered judicial actions and "even allegations of bad faith or malice cannot overcome judicial immunity" for such actions. Id. at 209-10.

The Court has reviewed plaintiff's complaint, and the claims against Judge Wilson are unquestionably based on judicial actions he took during the plaintiff's criminal case before him. Accordingly, Judge Wilson is entitled to immunity and plaintiff's claims against him are dismissed. Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In addition, plaintiff's claims also fail to the extent she seeks to sue the state court as an entity. 42 U.S.C. § 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." A court is not a "person" within the meaning of § 1983. Zuckerman v. Appellate Division, Second Dep't, Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970); Mathis v. Clerk of First Dep't, Appellate Div., 631 F. Supp. 232, 235 (S.D.N.Y. 1986). Furthermore, as a judicial arm of the State of New York, the court is immune from suit under

2

the Eleventh Amendment. Madden v. Vermont Supreme Court, 8 Fed. Appx. 128, 129 (2d Cir. 2001) (citing Zuckerman, 421 F.2d at 626).

## Conclusion

For the foregoing reasons, the complaint, filed *in forma pauperis*, is dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
October 19, 2011